## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **B.S. and A.S.**

**No. 17-0530** (Braxton County 17-JA-1 & 17-JA-2)

**FILED**

**November 22, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.D., by counsel Jared S. Frame, appeals the Circuit Court of Braxton County's May 23, 2017, order terminating her parental and custodial rights to B.S. and A.S.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury Jr., filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without first granting an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2017, the DHHR filed an abuse and neglect petition against petitioner and B.S.'s father. The DHHR filed two amended petitions alleging that petitioner abused methamphetamine and Suboxone during her pregnancy with B.S. At his birth, B.S. tested positive for the substances and exhibited symptoms of drug withdrawal. The DHHR also alleged that petitioner's parental rights to three older children were involuntarily terminated in 2010. Further, in 2013, the circuit court terminated petitioner's custodial rights to A.S. in another abuse and neglect proceeding and granted her visitation at the discretion of the father. The DHHR noted that petitioner's drug use, resulting in her prior involuntary termination of parental and/or custodial rights to older children, continued unabated.

In February of 2017, the circuit court held an adjudicatory hearing during which petitioner stipulated to the allegations contained in the petition. Accordingly, the circuit court adjudicated petitioner as an abusing parent. Petitioner subsequently filed a motion for a post-adjudicatory improvement period in March of 2017.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

In April of 2017, the circuit court held a dispositional hearing. Petitioner was not present but was represented by counsel. The DHHR presented the testimony of a Child Protective Services ("CPS") worker. The CPS worker testified that the DHHR recommended that petitioner be granted an improvement period based on her completion of a drug detoxification program. However, the CPS worker testified that petitioner failed some drug screens and, as a result, visitation with B.S. was suspended. Petitioner thereafter stopped submitting to drug screens for a period of at least three weeks. The CPS worker also testified that there was a period of time when the DHHR could not reach petitioner in order to implement further drug screens. After hearing testimony and arguments, the circuit court found that the DHHR's recommendation of an improvement period was not in the best interest of the children, as petitioner had not demonstrated that she was likely to comply with the terms of an improvement period. The circuit court found that petitioner failed to participate in services and to "avail herself" to the circuit court. The circuit court further noted that petitioner's parental rights to three older children, and custodial rights to a fourth child, were previously involuntarily terminated. Ultimately, the circuit court found no reasonable likelihood that petitioner could correct the conditions of abuse and, accordingly, denied petitioner's motion for an improvement period and terminated her parental and custodial rights to the children.[2] It is from the dispositional order dated May 23, 2017, that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner briefly argues that the circuit court erred in denying her motion to continue the dispositional hearing. We find no merit in petitioner's argument. We have previously held that "[w]hether a party should be granted a continuance for fairness reasons is a matter left to the discretion of the circuit court, and a reviewing court plays a limited and restricted role in overseeing the circuit court's exercise of that discretion." *Tiffany Marie S.*, 196

---

[2]The permanency plan for A.S. is to remain in her non-abusing father's custody. B.S.'s father's parental and custodial rights were terminated below. The permanency plan for B.S. is adoption in a foster home.

W.Va. at 235, 470 S.E.2d at 189 (quoting *State v. Judy*, 179 W.Va. 734, 372 S.E.2d 796 (1988)). While petitioner argues that denying her motion to continue the dispositional hearing denied her the opportunity to provide testimony or an argument, the record is clear that petitioner made no effort to contact her counsel following the adjudicatory hearing and subsequently failed to attend the dispositional hearing. Accordingly, we find no abuse of discretion.

Petitioner next argues that the circuit court erred in terminating her parental and custodial rights without first granting her an improvement period. We disagree. The decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). We have also held that a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . .'" *In re: Charity H.*, 215 W.Va. 208, 215, 599 S.E.2d 631, 638 (2004).

Here, it is clear from the record that petitioner failed to demonstrate her ability to fully participate in an improvement period. In fact, petitioner's counsel submitted no evidence to the circuit court, nor did he call any witnesses in support of her motion. Further, petitioner failed to attend the dispositional hearing. Petitioner argues that the circuit court should have granted her more time to seek help for her substance abuse issues, as recommended by the DHHR. However, the discretion to grant or deny an improvement period rests with the circuit court, not the DHHR. Petitioner had the opportunity to submit to drug screens throughout the proceedings. At times petitioner complied with the drug screens, while other times petitioner failed to submit to the screens or tested positive. As such, petitioner did not demonstrate that she was likely to substantially comply with the terms or conditions of an improvement period.

Further, petitioner's argument that she would participate in a plan to address her substance abuse is unpersuasive as petitioner lost her parental and/or custodial rights to three older children based on her substance abuse. Petitioner was provided with services throughout prior proceedings but failed to implement any techniques taught. We have previously held that it is possible for a person to show "compliance with specific aspects of the case plan" while failing "to improve . . . [the] overall attitude and approach to parenting." *W.Va. Dep't of Human Servs. v. Peggy F.*, 184 W. Va. 60, 64, 399 S.E.2d 460, 464 (1990). Fully participating in an improvement period necessarily requires implementing the parenting skills that are being taught through services. *In re M.M.*, 236 W. Va. at 115, 778 S.E.2d at 345. The DHHR provided petitioner services in three separate proceedings and yet she continued to test positive for controlled substances. While petitioner may have occasionally tested negative for controlled substances, the record is clear that she made no attempt to improve her approach to parenting. Accordingly, we find no error in the circuit court's decision denying petitioner an improvement period.

Moreover, we find no error in the termination of petitioner's parental rights. West Virginia Code § 49-4-604(b)(6) provides that circuit courts are to terminate parental rights upon

findings that there is "no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the child's welfare. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood that the conditions of abuse or neglect can be substantially corrected include one in which

> "[t]he abusing parent . . . ha[s] habitually abused or [is] addicted to . . . controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the [parent] ha[s] not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning [.]"

It is clear from the record that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect. This is petitioner's third time participating in abuse and neglect proceedings. Petitioner's prior involuntary terminations of her parental and/or custodial rights were due in part to her substance abuse. Knowing that her parental rights had previously been terminated on similar bases, petitioner continued to test positive for controlled substances occasionally throughout the underlying proceedings. Petitioner did so knowing that her visitation with B.S. would be suspended. We have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). As such, the circuit court correctly terminated petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its May 23, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: November 22, 2017

**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4